IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERT E. EATON,               :
                               :
     Petitioner,              :
                               :
v.                             : Civ. No. 07-281-JJF
                               :
THOMAS L. CARROLL,             :
Warden, and ATTORNEY           :
GENERAL OF THE STATE           :
OF DELAWARE,                   :
                               :
     Respondents.             :

O R D E R

At Wilmington this 23 day of July, 2007;

IT IS ORDERED that:

1. Petitioner Robert E. Eaton's Motion For The Appointment Of Counsel is **DENIED** without prejudice to renew.  (D.I. 2.)

Petitioner has no automatic constitutional or statutory right to representation in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek representation by counsel for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d

Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require"). Instructive factors affecting a court's decision regarding the appointment of counsel include: (1) the merits of the petitioner's claim; (2) the petitioner's ability to present his case considering his education, literacy, experience, and the restraints placed upon him by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the petitioner's ability to pursue such investigation; and (5) the degree to which the case turns on credibility determinations or expert testimony. Tabron, 6 F.3d at 155-156.

    Here, Petitioner has filed a form habeas application asserting ineffective assistance of counsel due to a conflict of interest. According to Petitioner, he has a "debilitating disease" that prevents him from providing further briefing on that claim, and therefore, he seeks representation by counsel. Petitioner argues that counsel should be appointed in the instant habeas proceeding because the Court appointed counsel to represent Petitioner in a separate action filed pursuant to 42 U.S.C. § 1983 currently pending before the Court.[1]

---

[1] The Court requested representation for Petitioner in his § 1983 proceeding after determining that his § 1983 claims had some arguable merit in fact and law, that the issues were complex,

Having reviewed Petitioner's filings, the Court cannot conclude that the "interests of justice" require the appointment of counsel at this point in time. The fact that the Court requested representation for Petitioner in another case does not determine the issue of representation in the instant proceeding. Petitioner does not provide any details about his "medical condition," or how his condition impairs his ability to meet the basic pleading requirements explicitly stated in the form habeas application.[2] The Court notes that Petitioner's medical condition did not prevent him from providing the Court with a coherent, if unsupported, argument for the appointment of counsel, thereby indicating that Petitioner is also capable of providing additional basic information regarding his habeas claim. Petitioner's filings indicate that he has the ability to "present the facts and legal issues to the court" without the assistance of an attorney.

Nevertheless, the Court recognizes that, as the case proceeds, the complexity of the factual issues or the need for additional legal briefing may require the representation by

---

that Petitioner could not afford counsel, and that Petitioner's ability to represent himself was substantially impaired by his medical condition. Eaton v. Snyder, C.A. No. 01-733-JJF, D.I. 108.

[2]The standard form habeas application, used by Petitioner, clearly states that a petitioner is only required to provide specific facts supporting the habeas claims, and that a petitioner should not argue or cite law.

counsel at a later date. See Tabron, 6 F.3d at 156 (recognizing that, under § 1915, the court may sua sponte seek representation for a litigant at "any point in the litigation"). Thus, the Court is willing to revisit this issue either sua sponte or upon proper motion should it subsequently appear that Petitioner's claims are meritorious and that representation by counsel is necessary to afford the petitioner a full and fair opportunity to litigate his case.

    2. Petitioner filed a letter indicating that he could not return the AEDPA Election Form until the Court ruled upon his Motion For The Appointment of Counsel. In light of the foregoing, Petitioner shall have until August 18, 2007 to file his AEDPA Election Form.

 

/s/ Joseph J. Farnan
UNITED STATES DISTRICT JUDGE