IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ROBERT EDWARD EATON,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 07-281-JJF |
| | : | |
| **ELIZABETH BURRIS**, Acting Warden, | : | |
| and **JOSEPH R. BIDEN, III**, Attorney | : | |
| General for the State of Delaware, | : | |
| | : | |
| Respondents.[1] | : | |

## **ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On October 1, 1997, the petitioner, Robert Edward Eaton, was arrested on multiple charges based on allegations of abuse by his girlfriend. *See Eaton v. State*, 2000 WL 6283300 (Del.). In July 1998, a Delaware Superior Court jury found Eaton guilty of aggravated menacing (11 *Del. Code* § 602), possession of a deadly weapon during the commission of a felony (11 *Del. Code* § 1447), second degree assault (11 *Del. Code* § 612), first degree reckless endangering (11 *Del. Code* § 504), third degree assault (11 *Del. Code* § 611(1)), and second degree unlawful imprisonment (11 *Del. Code* § 781, a lesser included offense of first degree kidnapping). *See Eaton*, 2000 WL 628330 at *1. In September 1998, Eaton, through counsel, filed a motion for a new trial. While the motion was pending, Eaton's counsel was granted permission to withdraw, and new counsel was appointed.

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Elizabeth Burris became Acting Warden of Delaware Correctional Center effective September 1, 2007, replacing former Warden Thomas Carroll, an original party to this case.

New counsel filed an amended motion for a new trial in April 1999. Superior Court denied the motion on June 10, 1999. Eaton was subsequently sentenced in July 1999 to twenty-four years of imprisonment followed by probation. *See id.* Eaton's convictions and sentence were affirmed on appeal. *Eaton*, 2000 WL 628330 at *4.

In November 2000, Eaton moved *pro se* for postconviction relief under Superior Court Criminal Rule 61. *See* Del. Super. Ct. Crim. Dkt. Item 109 in ID 9710000083 ("Crim. Dkt. Item No. __"). Eaton's first filing was rejected as non-compliant, but his subsequent filing on November 16, 2000, was accepted by the court. Crim. Dkt. Item No. 115. The Superior Court Commissioner (*see* 10 *Del. C.* § 512(b); DEL. SUPER. CT. CRIM. R. 62) issued a report recommending that Eaton's postconviction motion be dismissed as procedurally barred under Criminal Rules 61(i)(3) and (4). *See* Crim. Dkt. Item No. 145. Eaton appealed the Commissioner's findings. *See* Crim. Dkt. Item No. 146. Nevertheless, the Superior Court adopted the Commissioner's report and recommendation, and denied Eaton's motion on July 3, 2002. *State v. Eaton*, 2002 WL 1454107 (Del. Super. Ct.). Eaton appealed that order to the state supreme court on July 24, 2002, but on September 18, 2002, he voluntarily dismissed the appeal. *See* Crim. Dkt. Item No. 158; Motion to Withdraw, *Eaton v. State*, Del. Supr. No. 427, 2002.

During the pendency of his postconviction appeal, Eaton moved for correction of an illegal sentence. Crim. Dkt. Item Nos. 156 & 157. Superior Court denied the motion on October 30, 2002. *See* Crim. Dkt. Item No. 160. Eaton did not appeal that decision. Eaton also moved for modification of his sentence in 2004 and 2006. *See* Crim. Dkt. Item Nos. 161 & 164. Those

motions were denied in 2005 and 2007 respectively. *See* Crim. Dkt. Item No. 162 & 166. Neither decision was appealed. Eaton's federal habeas petition is dated May 17, 2007.[2] D.I. 1.

Facts

As recited by the Delaware Supreme Court in *Eaton v. State*, 2000 WL 628330, \*\*1 (Del.), the relevant facts adduced at trial were as follows:

> At trial, [Julie] Kenton testified that she and Eaton had gone to a casino in Harrington on the afternoon of September 23, 1997. After several hours, Eaton became intoxicated and was escorted from the premises. According to Kenton, Eaton ordered her behind the steering wheel of his truck while he had the wheel and kept his foot on the accelerator petal. Kenton was crying as the truck moved erratically northward on the highway from Harrington. At one point, Kenton succeeded in swerving the truck off the highway and into a parking lot. Eaton then held a knife to Kenton's throat and stated that if she did not drive him to his parents' house, he was going to kill her.
>
> As Kenton and Eaton continued down the highway, Eaton used a lit cigarette to burn Kenton's arms three times and her nose once. She testified that Eaton, at one point, cut her with the knife and began to choke her with a tow strap. This choking made Kenton dizzy and she hit a telephone pole after losing consciousness. The choking continued until they reached Eaton's parents' house in Camden. When they arrived there, Eaton kicked a hole in the truck windshield and began beating Kenton's leg with a hammer.
>
> Kenton claimed that Eaton was continually with her in the week following the attack and it was not until September 30 that Kenton was able to telephone a friend to pick her up while visiting her son's school at lunchtime. That same day, another friend observed Kenton's injuries and took her to the Family Court to seek a Protection from Abuse (PFA) Order. Eaton was arrested two days later.
>
> Eaton testified at trial on his own behalf. He claimed that after leaving the casino he fell asleep in his truck and awoke only when Kenton drove off the road and hit the telephone pole. Eaton denied burning, cutting or beating Kenton, putting a tow strap around her neck or threatening her in any manner at all.

---

[2] Eaton also filed a habeas petition in June 2002, but that petition was limited to challenging his 1996 conviction for non-compliance with conditions of his bond (11 *Del. C.* § 2113). *See Eaton v. Carroll*, 2003 WL 471235, \*1 n.1 (D. Del.).

Discussion

In his federal habeas petition, Eaton presents a single claim that his trial counsel was ineffective because she had a direct conflict with the petitioner. D.I. 1. Eaton, however, is not entitled to relief because the claim presented in his petition is untimely under 28 U.S.C. § 2244(d). Because Eaton's petition was filed in May 2007,[3] it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). By the terms of § 2244(d)(1), a federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998).[4] Thus, the one-year period of limitations began to run when Eaton's conviction became final under § 2244(d)(1)(A). *See, e.g., Gibbs v. Carroll*, 2004 WL 1376588, *2 (D. Del.).

The Delaware Supreme Court affirmed Eaton's conviction and sentence on April 28, 2000. *Eaton*, 2000 WL 628330. Although Eaton did not seek review by the United States Supreme Court, the ninety-day period in which he could have filed a petition for a writ of certiorari expired on July

---

[3] Eaton cannot relate this habeas petition to the petition filed in June 2002, relating to another conviction and which was dismissed as untimely. *See Eaton v. Carroll*, 2003 WL 471235 (D. Del.); *see also Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999) (second petition does not relate back to dismissed first petition); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (same); *Neverson v. Bissonnette*, 261 F.3d 120, 126 (1st Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citing *Henry*); *Warren v. Garvin*, 219 F.3d 111, 114 (2nd Cir. 2000) (citing *Henry*); *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) (same).

[4] Eaton does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable.

27, 2000. *See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999) (holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Eaton thus had until July 27, 2001 to file his federal habeas petition without running afoul of § 2244(d). *See, e.g., Samuel v. Carroll*, 2004 WL 1368845 (D. Del.); *Morales v. Carroll*, 2004 WL 1043723 (D. Del.). Eaton's petition, dated May 17, 2007, [5] is obviously filed past the July 2001 deadline. The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

In turn, the tolling mechanism of § 2244(d)(1) does not save Eaton's petition from the running of the limitations period. *See* 28 U.S.C. § 2244(d)(2). When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. Time elapsed after finality and before collateral filing and time after final collateral disposition and before federal filing counts against the year. *See Roy v. Lampert*, 455 F.3d 945, 949 (9th Cir. 2006); *Payton v. Brigano*, 256 F.3d 405 (6th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998). The one-year limitations period began to run on July 28, 2001. After eighty days had passed, Eaton properly filed a state postconviction action on November 16, 2000, thus tolling the limitations period until September 18, 2002, when he voluntarily dismissed the appeal. *See* Motion to Withdraw, *Eaton v. State*, Del. Supr. No. 427, 2002. That same day, Eaton filed a motion for correction of an

---

[5] *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (a prisoner's petition is considered filed on the date he delivers it to prison officials for mailing); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (same); *Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing).

illegal sentence which was denied on October 30, 2002. *See* Crim. Dkt. Item No. 156. After the denial of his motion for correction of an illegal sentence, Eaton waited almost two years before filing any additional motions in state court. *See* Crim. Dkt. Item Nos. 159-60. Thus, the statute of limitations expired on Eaton's claim prior to May 17, 2007, i.e., the date indicated on the petition, and the petition is therefore barred by § 2244(d). *See, e.g., Samuel*, 2004 WL 1368845, *3; *Benson v. Carroll*, 2004 WL 1151547, *4 (D. Del. May 18, 2004).

As the Court has repeatedly noted, however, the limitation period may be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del.) (describing rule). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). The principle is only invoked sparingly, and a statute of limitations is not tolled because of "what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Here, Eaton alleges that he was "medically incapable" of filing his habeas petition within the statutory filing period. D.I. 1 at 14. But Eaton provides no evidence in support of his claim of medical problems preventing his timely application for relief. *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (equitable tolling claim conclusory where petitioner provided no information such as medical records, necessary to address the claim of equitable tolling). Notably, Eaton did file two motions for sentence modification before filing his habeas petition. His ability to do so thus undercuts his claim that medical problems prevented him from timely filing his federal habeas petition. *See, e.g., Gaston v. Palmer,* 417 F3d 1030, 1034-35 (9th Cir. 2005), revised on rehearing, 447 F.3d 1165. Eaton cannot credibly allege that the legal arguments or facts were unavailable to him during the limitation period because he raised the same

claim in his 2000 state postconviction motion. In short, Eaton's claim is untimely under § 2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine.

*Eaton's ineffectiveness claim*

Alternatively, Eaton's claim is procedurally defaulted. Eaton presented his ineffectiveness claim to the Delaware Superior Court in his Rule 61 postconviction motion, but because he voluntarily dismissed his appeal from that court's decision, the claim is unexhausted. *See* Motion to Withdraw, *Eaton v. State*, Del. Supr. No. 427, 2002. *See also Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993). Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v. Lundy,* 455 U.S. 509 (1982), or a stay of the federal habeas proceedings to allow the prisoner to exhaust state court remedies (*Rhines v. Weber*, 544 U.S. 269 (2005)). If, however, there is no available state remedy, then Eaton is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989); *Lines v. Larkin*, 208 F.3d 153, 160 (3d Cir. 2000). If Eaton now tried to raise his ineffective assistance of counsel claim in state court in a second postconviction motion, the claim would be barred under Superior Court Criminal Rule 61(i)(1) as untimely. *See, e.g., McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 510 (D. Del. 2003). Thus, because there is no available state remedy, Eaton is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Lines*, 208 F.3d at 160.

Although deemed exhausted, the claim is still considered to be procedurally barred. *Lines*, 208 F.3d at 160. Federal habeas review of Eaton's ineffective assistance of counsel claim is thus barred unless Eaton establishes cause for his procedural default in the state courts and actual

prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice under the cause and prejudice standard, a petitioner "must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982)).

      Eaton has alleged medical incapability as cause for his failure to prosecute his appeal from the denial of his postconviction motion. D.I. 1 at 13. Eaton, however, does not provide any explanation why he was medically incapable of pursuing his appeal. Without more, Eaton's assertion of medical problems is simply insufficient to establish cause for his failure to exhaust his claim in the state courts. *See, e.g., Bartley v. Snyder*, 2004 WL 546783, *5-6 (D. Del.) (finding petitioner's allegations of dental problems insufficient to establish cause). In the absence of cause, this Court is not required to address the issue of prejudice. *McLaughlin*, 270 F. Supp 2d at 513. Moreover, Eaton cannot establish prejudice. Eaton apparently contends that he shared information with his attorney that was later published in the media. D.I. 14. As a result, Eaton's "trust and confidence" in his attorney "was eroded and her loyalty to me was indeed in question." D.I. 14. Apparently, Eaton felt that his attorney had divulged confidential information, and therefore Eaton could not assist in his own defense for fear that she would reveal his thoughts to the press. *See* D.I. 1 at 6. As the Delaware Superior Court Commissioner noted, however, "In regards to prejudice, I can discern no effort to make concrete allegations of actual prejudice or to substantiate said allegations of

prejudice." *Eaton*, 2002 WL 1454107 at *5. Eaton has not alleged how any concerns with his counsel affected his trial. Finally, the miscarriage of justice exception does not apply because Eaton has not alleged any facts to establish his actual innocence. *See Hubbard v. Pinchak,* 378 F.3d 333, 339-40 (3d Cir. 2004) (holding that, in order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.").

## Conclusion

Based upon the Superior Court docket sheet, it appears that the transcripts of Eaton's preliminary hearing (Oct. 10, 1997), motion hearing (Dec. 5, 1997), suppression hearing (June 29, 1998), trial, (June 30; July 1-2, 7-9, 1998), amended motion for new trial (April 23, 1999), and sentencing (July 2, 1999) have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court. Defense counsel submitted an affidavit in response to Eaton's allegations of ineffective assistance of counsel on January 22, 2001 (Crim. Dkt. Item No. 122).

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

          /s/ Elizabeth R. McFarlan
          Deputy Attorney General
          Department of Justice
          820 N. French Street
          Wilmington, DE 19801
          (302) 577-8500
          Del. Bar. ID No. 3759
          elizabeth.mcfarlan@state.de.us

Date: December 21, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2007, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on December 21, 2007, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

> Robert Edward Eaton
> SBI No. 202059
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

> /s/Elizabeth R. McFarlan
> Deputy Attorney General
> Department of Justice
> 820 N. French Street
> Wilmington, DE 19801
> (302) 577-8500
> Del. Bar. ID No. 3759
> elizabeth.mcfarlan@state.de.us