IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT EDWARD EATON, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civ. Act. No. 07-281-JJF |
| | : |
| PERRY PHELPS, Warden, and | : |
| JOSEPH R. BIDEN, III, | : |
| Attorney General of the | : |
| State of Delaware, | : |
| | : |
| Respondents.[1] | : |

---

Robert Edward Eaton. Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

---

**MEMORANDUM OPINION**

July 30, 2008
Wilmington, Delaware

---

[1] Warden Perry Phelps assumed office in January, 2008, replacing former Warden Thomas Carroll, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

**Farnan, District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Robert Edward Eaton ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

In October 1997, Petitioner was arrested on multiple charges of abuse based on allegations by his girlfriend. On July 1998, a Delaware Superior Court jury convicted Petitioner of aggravated menacing, possession of a deadly weapon during the commission of a felony, second degree assault, first degree reckless endangering, third degree assault, and second degree unlawful imprisonment. See Eaton v. State, 2000 WL 628330 (Del. 2000). Petitioner's counsel filed a motion for new trial in September 1998, and while the motion was pending, the Superior Court granted permission for counsel to withdraw. The new counsel who was appointed to represent Petitioner filed an amended motion for a new trial in April 1999, which the Superior Court denied on June 10, 1999. Thereafter, in July 1999, the Superior Court sentenced Petitioner to 24 years of incarceration followed by probation. Id. The Delaware Supreme Court affirmed Petitioner's convictions and sentences in April 2000. Id. at *4.

In November 2000, Petitioner filed a motion for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied this filing as non-compliant, but accepted Petitioner's subsequent filing on November 16, 2000. After reviewing the compliant Rule 61 motion and record, a Superior Court Commissioner issued a Report recommending the dismissal of the Rule 61 motion as procedurally barred under Rules 61(i)(3) and (4). The Superior Court adopted the Commissioner's Report and Recommendation on July 3, 2002, and denied the Rule 61 motion. State v. Eaton, 2002 WL 1454107 (Del. Super. Ct. July 3, 2002). Petitioner filed a notice of appeal with respect to that decision on July 3, 2002, but voluntarily dismissed the appeal on September 18, 2002. (D.I. 23.)

Also on September 18, 2002, Petitioner filed in the Delaware Superior Court a motion for correction of an illegal sentence pursuant to Delaware Superior Court Criminal Rule 35. (D.I. 27, De. Super. Ct. Crim. Dkt. No. 156.) The Superior Court denied the Rule 35 motion on October 30, 2002, and Petitioner did not appeal that decision. Id. at No. 159.

Petitioner filed a Rule 35 motion to modify his sentence in 2004, and another Rule 35 motion in 2006. The Superior Court denied both motions in 2005 and 2007, respectively, and Petitioner did not appeal either decision. (D.I. 23; D.I. 27.)

2

Petitioner filed the pending habeas Petition in May 2007. The State filed an Answer requesting the Court to dismiss the Petition as untimely.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition, filed in 2007, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521

U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on April 28, 2000, and Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Petitioner's conviction became final for the purposes of § 2244(d)(1) on July 27, 2000. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, Petitioner had to file his § 2254 Application by July 27, 2001. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file his Petition until May 15, 2007,[2]

---

[2] It is well-settled that a prisoner's pro se habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Therefore, the Court adopts May 15, 2007, the date on the Petition, as the filing date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

almost 6 full years after AEDPA's statute of limitations expired. Thus, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

### B. Statutory Tolling

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed application for State collateral review tolls the AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). However, a properly filed application for State collateral review will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period. See Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

In this case, Petitioner's first Rule 61 motion tolls the limitations period from November 16, 2000, the date on which it was properly filed, through September 18, 2002, the day on which Petitioner voluntarily dismissed his post-conviction appeal.

However, Petitioner also properly filed a Rule 35 motion for modification of sentence on September 18, 2002. The Superior Court denied the Rule 35 motion on October 29, 2002, and Petitioner did not appeal that decision. Therefore, the Rule 35 motion tolls the limitations period from September 18, 2002 through November 29, 2002, the day on which the 30-day appeal period expired.[3] See, e.g., Swartz, 204 F.3d at 424.

Together, Petitioner's Rule 61 motion and his Rule 35 motion toll the limitations period from November 16, 2000 through November 29, 2002. When Petitioner filed his Rule 61 motion on November 16, 2000, 80 days of the AEDPA's one-year filing period had already expired. Consequently, Petitioner only had 285 days left to comply with the AEDPA's one-year period when the limitations clock started again on November 30, 2002. The record reveals that the limitations period ran without interruption until it expired on September 11, 2003.[4] Therefore, statutory

---

[3]The Third Circuit Court of Appeals has recently held that a motion filed under Delaware Superior Court Criminal Rule 35(b) will not trigger the statutory tolling provision of § 2244(d)(2) if the motion seeks discretionary relief based on mercy and grace, whereas a Rule 35(a) motion requesting the correction of § 2244(d)(2). Hartmann v. Carroll, 492 F.3d 478, 481 (3d Cir. 2007). The record provided in this case does not indicate if Petitioner's Rule 35 motion was filed pursuant to Rule 35(a) or (b). Nevertheless, the Court will presume that Petitioner's Rule 35 motion statutorily tolls the limitations period because his Petition is untimely in either scenario.

[4]Petitioner's other two Rule 35 motions have no statutory tolling effect because they were filed after the expiration of the AEDPA's limitations period.

tolling does not render the Petition timely filed.

### C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Petitioner succinctly asserts "medical incapability" as a reason for his untimely filing. It appears that Petitioner was

diagnosed with Hepatitis C in November 2002, but he did not learn about the diagnosis until approximately one year later in November 2003.[5] See (D.I. 107, in Eaton v. Snyder, 01-733-JJF). According to Petitioner, his symptoms "increasingly intensified" from 2003 to 2005. Id. Thus, Petitioner appears to contend that the AEDPA's limitations period should be tolled due to his Hepatitis C.

Assuming that a petitioner's physical illness can warrant equitable tolling, such tolling will only be appropriate if the physical illness actually prevented the petitioner from complying with the AEDPA's limitations period. See, e.g., Millimaci v. Brooks, 2006 WL 3814615, at *4 (W.D. Pa. Dec. 27, 2006). In this case, Petitioner has failed to demonstrate how his Hepatitis C rendered him unable to timely file his Petition by September 11, 2003. For example, the State record filed in the instant proceeding reveals that Petitioner actively pursued his claims in the Delaware State Courts from 2000 to 2002, and from 2004 to the present. (D.I. 27.) Although the State record reflects a two-year break in activity from October 20, 2002 through September 3, 2004, the record in Petitioner's § 1983 case (Eaton v. Snyder,

---

[5]Petitioner filed a Motion for Appointment of Counsel, which the Court denied. (D.I. 8; D.I. 9.) In that Motion, Petitioner refers to the § 1983 case (Eaton v. Snyder, 01-733-JJF) pending before the Court in order to demonstrate that he is suffering from Hepatitis C. Given Petitioner's explicit reference to his § 1983 proceeding, the Court will take judicial notice of any filings in 01-733-JJF which may be relevant to the Court's equitable tolling inquiry in the instant habeas proceeding.

01-733-JJF) reveals that Petitioner, acting pro se, was consistently pursuing his rights in this Court from November 2001 through November 2005.[6] Petitioner, however, has failed to explain how his Hepatitis C prevented him from timely filing his habeas Petition by September 2003 when the Hepatitis C did not prevent him from actively litigating his rights under § 1983 during the same time-period. In this situation, the Court concludes that Petitioner's medical condition does not constitute an extraordinary circumstance justifying equitable tolling.

Additionally, to the extent Petitioner made a mistake in computing the relevant deadlines under the AEDPA's statute of limitations, that mistake does not warrant equitably tolling the limitations period. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the Court will dismiss the Petition as time-barred.

---

[6]Counsel was appointed to represent Petitioner in November 2005. (D.I. 108, in Eaton v. Snyder, 01-733-JJF.)

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A

10

Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 1.)

An appropriate Order will be entered.

11